UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| DARRELL CONNERS, | Case No. 3:16-cv-00178-MMD-VPC |
| --- | --- |
| Plaintiff, | ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE VALERIE P. COOKE |
| v. | |
| B. HOWARD, *et al.*, | |
| Defendants. | |

## I.  SUMMARY

Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Valerie P. Cooke (ECF No. 32) relating to Defendants' Motion for Summary Judgment (ECF No. 24). Plaintiff filed an objection to the R&R (ECF No. 33), and Defendants filed a response thereto (ECF No. 34). For the reasons discussed below, the Court accepts and adopts the R&R in full.

## II.  BACKGROUND

Plaintiff, proceeding *pro se*, is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). The events giving rise to this action occurred while Plaintiff was housed at Ely State Prison ("ESP"). The Court permitted Plaintiff to proceed on Plaintiff's access to the courts claim against Defendant B. Howard and against John Doe mail room correctional officers # 1 and # 2 when he learns their identity. (ECF No. 6 at 4-5; ECF No. 8 at 1.) The Court subsequently permitted Plaintiff to file an amended complaint

to cure the deficiencies of the counts previously dismissed with leave to amend.[1] (ECF No. 22.) Further background regarding Plaintiff and this action is included in the R&R (*see* ECF No. 32 at 1-2), which this Court adopts.

## III. LEGAL STANDARD

### A. Review of the Magistrate Judge's Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review*. See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

In light of Plaintiff's objection to the Magistrate Judge's R&Rs, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate

///

---

[1]The Clerk's Office had opened a new case because Plaintiff failed to include the case no. with his amended complaint. (ECF No. 20.)

Judge Cooke's R&R. Upon reviewing the R&R and records in this case, this Court finds good cause to adopt the Magistrate Judge's R&R in full.

### B.    Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some

1  metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th

2  Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

3  (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position

4  will be insufficient." *Anderson*, 477 U.S. at 252.

## IV.     DISCUSSION

6  The Prison Litigation Reform Act ("PLRA") requires that Plaintiff first exhaust his

7  administrative remedies through the NDOC grievance process. *See* 42 U.S.C. §

8  1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002). Thus, in order to have

9  exhausted NDOC's administrative remedies, Plaintiff needed to "use all steps the prison

10  holds out"—specifically, those identified in Administrative Regulation ("AR") 740—so that

11  NDOC officials could actually reach, or at the very least attempt to reach, the merits of

12  his issues. *See Griffin v. Arpaio,* 557 F.3d 1117, 1119 (9th Cir. 2009).

13  The Magistrate Judge recommends granting summary judgment in favor of

14  Defendants because Plaintiff failed to exhaust his administrative remedies prior to

15  initiating this action. (ECF No. 32 at 6-9.) In particulate, the Magistrate Judge found that

16  Plaintiff undisputedly filed the initial complaint about five months *before* he received a

17  response to his second level grievance. (*Id.* at 6-7.) The Magistrate Judge further found

18  that Plaintiff's proffered reasons for why he did not exhaust his administrative remedies

19  fail to satisfy Plaintiff's burden of demonstrating that "available administrative remedies

20  were effectively unavailable to him." (*Id.* at 7-8, citing *Albino v. Baca,* 747 F.3d 1162,

21  1172 (9th Cir. 2014.) The Court agrees with the Magistrate Judge.

22  Plaintiff raises three arguments in his objection. (ECF No. 33.) First, he did not

23  have access to the courts to know he was required to exhaust his administrative

24  remedies. (*Id.* at 1.) The Magistrate Judge correctly found that this excuse does not fall

25  within the "'special circumstances' exception" that the Supreme Court established in

26  *Ross v. Blake,* 136 S.Ct. 1850 (2016). Second, Plaintiff argues that a genuine issue of

27  material fact exists as to the eight-month period that Defendants contend Plaintiff was

28  able to order case laws and other resources and the extent to which Plaintiff was able to

do so. (ECF No. 33 at 2.) However, such a disputed fact is not relevant to whether Plaintiff exhausted his administrative remedies. Even if Plaintiff did not have access to legal resources, such lack of access does not render the NDOC's administrative process effectively unavailable to him. Finally, Plaintiff suggests that because Defendants concede that dismissal of his claims should be without prejudice, the Court should permit him to amend his complaint to assert his access to court claim since he has now exhausted his administrative remedies. (*Id.*) However, granting leave to amend would render the PLRA's administrative exhaustion requirement meaningless.

**V.     CONCLUSION**

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (ECF No. 32) is accepted and adopted in full.

It is further ordered that Defendants' Motion for Summary Judgment (ECF No. 24) is granted. Plaintiff's claims are dismissed without prejudice.

The Clerk is directed to enter judgment in accordance with this Order and close this case.

DATED THIS 20th day of February 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE